UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

EVERETT JONES,

           Plaintiff,

  -against-                            07 Civ. 10414

RIKERS ISLAND CARE CUSTODY AND
    CONTROL OFFICER "MECKLEY",       MEMORANDUM OPINION
                                        AND ORDER

           Defendant.

------------------------------------X

A P P E A R A N C E S:

    Pro Se

    Everett Jones
    07-A-5636
    Upstate Correctional Facility
    PO Box 2000
    309 Bare Hills Road
    Malone, NY 12953

    Attorneys for Defendant

    MICHAEL A. CARDOZO
    Corporation Counsel of the
        City of New York
    100 Church Street, Room 2-305
    New York, NY 10007
    By:  David A. Rosinus, Jr., Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/4/10

**Sweet, D.J.**

Defendant Officer Meckley ("Officer Meckley" or "Defendant") has moved, pursuant to Rule 56, Fed. R. Civ. P., for summary judgment dismissing the complaint (the "Complaint") of pro se plaintiff Everett Jones ("Jones" or "Plaintiff") for violation of his constitutional rights on August 27, 2007, while he was a pretrial detainee in the Otis Bantum Correctional Center ("OBCC") on Rikers Island.[1] Jones alleges that Officer Meckley destroyed certain personal papers and items belonging to him, including legal documents, by shredding them and placing them in his cell's toilet.

**Legal Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a summary judgment motion, the Court must "view

---

[1] Although the Complaint alleges that the incident in question occurred on August 27, 2008, Plaintiff stated during his deposition that this was an error and that the incident occurred on August 27, 2007. Def.'s Local Rule 56.1 Stmt of Material Facts ("56.1 Stmt") ¶¶ 3-4.

1

the evidence in the light most favorable to the non-moving party and draw all reasonable inference in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) (internal citations and quotation marks omitted); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Once a defendant has carried his burden under Rule 56(c), the plaintiff "may not rely merely on allegations or denials in [his] own pleading," but must, "by affidavits or as otherwise provided in this rule[,] set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Twin Lab, Inc. v. Weider Health & Fitness, 900 F.2d 566, 568 (2d Cir. 1990). In doing so, a plaintiff "must produce specific facts indicating that a genuine factual issue exists. If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotation marks and citations omitted).

**Plaintiff has failed to exhaust his administrative remedies**

2

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, prisoners are required to exhaust all available administrative remedies before bringing a federal action. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); see also Ruggiero v. County of Orange, 386 F. Supp. 2d 434, 437 (S.D.N.Y. 2005) (granting summary judgment for failure to exhaust administrative remedies).

The New York City Department of Correction ("DOC") has established a four-step administrative grievance process known as the Inmate Grievance Resolution Program ("IGRP"). An inmate first submits his grievance to the Inmate Grievance Resolution Committee ("IGRC") by placing it in a Grievance Box, delivering it to his facility's Grievance Office, or delivering it to a Grievance Coordinator. If no informal resolution is reached within five days of such submission or if the inmate disagrees with the informal resolution, the inmate may also request a hearing at the Grievance Office. An

inmate may appeal any adverse decision to the Warden of the facility where he is housed by filing an appeal with the Grievance Office. An adverse decision by the Warden may then be appealed by the inmate to the Central Office Review Committee ("CORC") by filing an appeal with the Grievance Office. Should the inmate wish to appeal the CORC's decision, he may seek an appeal before the New York City Board of Correction by filing an appeal with the Grievance Office. See City of New York Dep't of Corr. Directive 3375R-A, 8-14 (Mar. 13, 2008), available at http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf.

Courts have repeatedly emphasized that a prisoner must pursue all levels of the administrative procedure in order to properly exhaust his administrative remedies, and this requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." McCoy v. Goord, 255 F. Supp. 2d 233, 246 (S.D.N.Y. 2003) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002)); see also George v. Morrison, 06 Civ. 3188 (SAS), 2007 U.S. Dist. LEXIS 42640, at *14-15 (S.D.N.Y. June 11, 2007). Complaints and communications made outside of formal grievance procedures do not satisfy

the PLRA's exhaustion requirement. See, e.g., Beatty v. Goord, 210 F. Supp. 2d 250, 255-56 (S.D.N.Y. 2000) (noting need for "strict adherence to the PLRA's exhaustion requirement" (citation omitted)).

Plaintiff contends that he submitted "at least seven" grievances concerning the incident by placing them in the OBCC Grievance Box and that he grieved all of the claims in the Complaint. 56.1 Stmt ¶¶ 30-31. He also testified that he spoke to a woman from the Inspector General's office, but that this conversation did not resolve the matter. Id. ¶ 32. Finally, Plaintiff testified that he had his family call the Inspector General's office. Id. ¶ 33.

Plaintiff, however, admits that he has done nothing else to appeal his grievances. Id. ¶ 34. Because speaking to the Inspector General's office about a grievance does not constitute a step in the IGRP administrative process, Plaintiff has at best performed only the first step of the four-step IGRP process. Plaintiff has therefore failed to exhaust his administrative remedies, and the PLRA bars this federal action.

For the foregoing reasons, Defendant's motion is granted, and the Complaint is dismissed without prejudice to refile following exhaustion of Plaintiff's administrative remedies.

It is so ordered.

**New York, NY**
**January 17, 2010**

ROBERT W. SWEET
U.S.D.J.

6